IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM O. ROBINSON and<br>BRENDA E. ROBINSON,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDFIRST BANK, MIDLAND<br>MORTGAGE, and NEW DAY FINANCIAL,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | No. 4:14CV000360 SWW |

**Opinion and Order**

Before the Court are motions to dismiss to which plaintiff responded. The Court has reviewed the motions and finds that they should be granted.

Plaintiff William O. Robinson, who is proceeding *pro se*, brings this action against Midfirst Bank, Midland Mortgage, and New Day Financial alleging claims of intentional infliction of emotional distress, slander, deceitful business practices, and fraud. In support of his claims, Robinson sets forth a time line of events leading up to foreclosure on his house in Saline County, Arkansas. Defendants argue that the facts do not support the claims Robinson asserts, and even if they did, his claims are barred by claim preclusion. New Day Financial also contends the claims against it are time barred

> Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. Claim preclusion (res judicata) bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. Where a case is

>based on the same events as the subject matter of a previous lawsuit, claim preclusion will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.

*Crockett v. C.A.G. Investments, Inc.*, 381 S.W.3d 793, 799 (Ark. 2011)(citations and footnotes omitted). Claim preclusion requires five elements: (1) the earlier action resulted in a final judgment on the merits; (2) the court in the earlier action had jurisdiction; (3) the earlier action was fully contested in good faith; (4) both actions involved the same claims; and (5) both actions included the same parties or persons in privity with them. *Orr v. Hudson*, 374 S.W.3d 686, 691-92 (Ark. 2010). Res judicata bars not only relitigation of claims that were actually litigated in the first suit bit also those that would have been litigated. *Linder v. Ark. Midstream Gas Servs. Corp.*, 362 S.W.3d 889 (Ark. 2010).

Midfirst Bank and Robinson were parties to a foreclosure complaint filed in the Circuit Court of Saline County, Arkansas. New Day Financial was privy to the foreclosure action. The Saline County Circuit Court had jurisdiction and issued a valid and final judgment on the merits. Robinson appealed the judgment and it was affirmed by the Arkansas Court of Appeals.[1] In support of his claims for outrage, slander, deceitful business practices, and fraud, Robinson states as fact the history of his dealings with defendants, starting in 2008 when Midland Mortgage[2], a division of MidFirst Bank, allegedly notified Robinson that it had purchased the

---

[1] *See* ECF No. 26-1.

[2] Midfirst Bank states Robinson improperly identified it as Midland Mortgage. *See* ECF No. 3. In a pleading titled "Confirming Midland Mortgage as a defendant," Robinson includes copies of correspondence from Midland Mortgage, which describes it as a division of Midfirst Bank. Robinson says the correspondence is evidence that Midland Mortgage claims ownership of the loan because it sent him a mortgage payment book. *See* ECF No. 24. In another pleading, Robinson attaches a letter in which Midfirst Bank's attorney states he is also the attorney for Midland Mortgage, a division of MidFirst Bank. ECF No. 32.

mortgage note from New Day Financial.  Robinson alleges he filed for bankruptcy in 2009.

Robinson goes on to say:

> 10.  07/20/2012-Midfirst Bank files suit in Circuit Court. Against Plaintiff and Mortgage Electronic Registry.  Couldn't Prove ownership.
>
> 11.  08/30/2013-Midfirst Bank returns back to Circuit Court with Original Note from New Day Financial.  Claiming Plaintiff Doesn't understand that New Day Financial sold the note to Midfirst Bank.  The Court did not allow the Plaintiff to enter the Warranty deed or the Bankruptcy into evidence. Granted Judgment.

Am. Comp., ¶¶ 10 & 11.

Based on his statement of facts, Robinson's claims are all based on the foreclosure action.  When a case is based upon the same events as the subject matter of a previous lawsuit, claim preclusion bars the subsequent lawsuit even if the subsequent suit raises new legal issues and seeks additional remedies.  *Crockett*, 381 S.W.3d at 799.  Because Robinson's claims of outrage, slander, deceitful business practices, and fraud relate to the actions of defendants in regard to the foreclosure, they are barred by claim preclusion.

New Day Financial also moves for dismissal based on the statute of limitations.  The allegations against New Day Financial relate to events that occurred in 2008 or 2009.  *See* Am. Compl., ¶¶ 1, 2, 3, and 7.  Plaintiff filed his original complaint in June 2014, more than three years after New Day Financial is alleged to have committed intentional infliction of emotional distress, fraud, and slander.  In any event, Robinson fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The facts alleged in his amended complaint fail to show Robinson is entitled to relief on his claims.

IT IS THEREFORE ORDERED that Midfirst Bank's motion to dismiss [ECF No. 25] and New Day Financial's motion to dismiss [ECF No. 33] are granted.[3]  Plaintiff's amended motion for default judgment [ECF No. 37] is denied.  The motion for protective order [ECF No. 27] is moot.  Plaintiff's claims against all defendants[4] are dismissed.  A separate judgment dismissing the complaint will be entered accordingly.

DATED this 22nd day of September, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] New Day Financial's Motion to Dismiss [ECF No. 15] is moot.

[4] Whether Midland Mortgage is a separate defendant or not, Robinson fails to state a claim for relief against it.